149 Wis.2d 237 (1989)
440 N.W.2d 799
IN the MATTER OF the GUARDIANSHIP OF F.E.H., Alleged Incompetent: V.D.H., Appellant,[]
v.
CIRCUIT COURT FOR OZAUKEE COUNTY, the Hon. Walter J. Swietlik, Presiding, Respondent.
Nos. 88-0867, 88-1307.
Court of Appeals of Wisconsin.
Submitted on briefs January 17, 1989.
Decided February 15, 1989.
*238 On behalf of the appellant the cause was submitted on the briefs of John W. Strasburg of Milwaukee.
On behalf of the respondent the cause was submitted on the brief of Donald J. Hanaway, attorney general and James H. McDermott, assistant attorney general.
Before Scott, C.J., Brown, P.J., and Nettesheim, J.
SCOTT, C.J.
V.D.H. appeals from orders[1] denying her petition, as co-guardian and wife of F.E.H., to transfer their jointly-owned homestead to the sole ownership of V.D.H. The trial court based its decision on the contingent right of Ozaukee county to be reimbursed for medical assistance payments, should *239 V.D.H. predecease the ward, F.E.H. Because we find no abuse of discretion, we affirm.
F.E.H. was declared to be a proper subject for guardianship in January of 1987. His wife, V.D.H., and daughter, S.E.B., were named co-guardians. F.E.H. and V.D.H. jointly owned a homestead.
F.E.H. is a patient at a health care center. Since September of 1987, his cost of care had been met through the medical assistance program of the Wisconsin Department of Health and Social Services and administered locally through the Ozaukee County Department of Social Services.
In March of 1988, the co-guardians petitioned under sec. 880.173, Stats., to have the interest in the homestead transferred to the sole ownership of V.D.H. Such a transfer would be consistent with the provisions of F.E.H.'s will.
At the first hearing, it was noted that an institutionalized person may transfer the homestead to his or her spouse without affecting eligibility for medical assistance. See sec. 49.45(17)(e), Stats.; 42 U.S.C. sec. 1396p(c)(2)(B)(iii)(II); Wis. Adm. Code sec. HSS 103.02(3)(d)3.b. However, the trial court was concerned with the effect a transfer would have on the government's ability to recoup its expenditures. A witness from the county's department of social services was brought in to testify concerning the homestead exemption. She testified that if F.E.H. predeceased his wife, the interest would transfer to the wife free and clear. However, if V.D.H. predeceased her husband, the homestead would be a non-exempt asset to be used for F.E.H.'s care. The trial court concluded that, in order to protect the interests of the taxpayer, it would not approve the transfer.
*240 Upon motion for reconsideration, the trial court considered a letter from county corporation counsel which indicated that the proposed transfer was legal and that the county took no position as to whether the transfer was sound policy. The trial court again concluded that it was against public policy to allow a transfer which would defeat the ability of the government to be reimbursed.
V.D.H. appealed the orders. As no party objected to the petition, the attorney general's office responded on behalf of the trial court.
[1]
The issue before us concerns the powers of guardians vis-a-vis the trial court when dealing with the estate of a married person. The necessary starting point is sec. 880.173, Stats., which provides in part:
Guardian of the estate of a married person. (1) A guardian of the estate appointed under this chapter for a married person may exercise with the approval of the court, except as limited under s. 880.37, any management and control right over the marital property or property other than marital property and any right in the business affairs which the married person could exercise under ch. 766 if the person were not determined under s. 880.12 to be a proper subject for guardianship. Under this section, a guardian may consent to act together in or join in any transaction for which consent or joinder of both spouses is required or may execute a marital property agreement with the other spouse, but may not make, amend or revoke a will. [Emphasis added.]
Section 880.173 makes clear that the court must approve any proposed exercise of power by the guardian. As no specific criteria are set forth for the trial court, we conclude that the approval or disapproval of a specific *241 exercise of power under sec. 880.173 by a guardian is a discretionary decision for the trial court.
[2, 3]
As with all discretionary decisions, we will reverse only if there is an abuse of discretion. Midwest Developers v. Goma Corp., 121 Wis. 2d 632, 650, 360 N.W.2d 554, 563 (Ct. App. 1984). If there is some reasonable basis for the trial court's decision, we will not find an abuse of discretion. In re T.L.S., 125 Wis. 2d 399, 401, 373 N.W.2d 55, 56 (Ct. App. 1985). The question is not whether we would have made the same decision, but rather whether a reasonable court could make such a decision upon consideration of the relevant law and facts and through a process of logical reasoning. See Hartung v. Hartung, 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20-21 (1981).
The trial court examined the relevant facts and fully understood the applicable law, particularly the legality of the proposed transfer. The court articulated its reasoning in a rational, logical manner. It noted that V.D.H. would be able to live in the residence throughout her lifetime, regardless of any transfer. The court recognized that the asset might not be preserved for the couple's children if the property stayed in joint ownership and V.D.H. predeceased her husband. However, the trial court did not think it appropriate "to protect an asset for children to the exclusion of the public who have [sic] provided care for one of the adults."
V.D.H. argues that the trial court improperly substituted its concept of public policy for that of the legislature's. She argues that where "the legislature has authorized a transfer, and declared that it is specifically legal with respect to governmental benefits received, it is beyond the power of a court to determine the transfer to be contrary to public policy."
*242 The error in this argument is that the legislature, by virtue of the "approval" language in sec. 880.173, Stats., has specifically requested and required the court to independently examine the proposed transfer. Had the legislative intent been to allow any transfer so long as it is legal, sec. 880.173 could have been drafted accordingly.
[4, 5]
We have considered the countervailing policy of protecting wards and their estates. However, it is not within our province to declare the public policy of the state. See State v. Grawien, 123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985). Rather, it is our responsibility to correct any error which may have occurred in the trial, id., and this we must do in accordance with appropriate standards of review. Because the trial court has discretion to approve or deny a transfer under sec. 880.173, Stats., and no abuse of discretion occurred, we affirm.
By the Court.Orders affirmed.
NOTES
[] Petition to review granted.
[1] V.D.H. appeals from the decision and order, as well as an order denying reconsideration. Her motion to consolidate the appeals was granted.